# CASES

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF PENOBSCOT.

ARGUED AT JULY TERM, 1846.

## EDWARD R. SOUTHARD *versus* OLIVER PARKER.

Where a levy was made on real estate, and the creditor made a lease there-
of to another for a year, but to become void whenever the land should be
redeemed, the rent to be paid quarterly; and the lessor assigned the lease
to a third person, who was to be accountable to the lessor for the rent
received under the lease; and at the end of the second quarter the land
was redeemed from the levy; but, nevertheless, the lessee paid rent for
three quarters to the assignee, *it was held,* that the lessor could not recover
of the assignee the rent for the third quarter.

THE facts in this case are stated at the commencement of
the opinion of the Court. In the assignment of the Goddard
lease by the plaintiff to the defendant, there was a special
provision, that the defendant should account to the plaintiff for
the rent received under it.

At the trial before TENNEY J. the Judge instructed the jury,
that the assignment of the lease held the defendant to ac-
count with the plaintiff for the moneys which might come into
his hands for the rents; that the defendant, being a stranger
to the agreement between Gosler & Dakin, and the plaintiff,
and having received no notice not to account with the plain-
tiff for the rents so received, he was to be regarded, as to
every other person than the plaintiff, an agent or depository

of the money for the plaintiff, and would be held to account with the plaintiff for the rents, notwithstanding it might turn out, that the plaintiff was not entitled to hold to his own use all the money so paid him for rents.

The verdict was for the plaintiff, and the defendant filed exceptions to the instructions of the presiding Judge.

*Hathaway*, for the defendant, said that by the terms of the lease, Goddard had no right to hold under it a moment beyond the time of redemption, and the assignment to the defendant was merely of the right of the plaintiff under it. The plaintiff was not entitled to receive any rent of Goddard, after the redemption. Goddard was then accountable for the rent to third persons, and the defendant was liable to Goddard or the owners for the rent received after the redemption. The plaintiff has no more right to recover in this action for the last quarter's rent, than any other stranger.

*Cutting*, for the plaintiff, said that there was no privity between the defendant and Gosler & Dakin. They never gave notice of the redemption and have never claimed the rent. If the defendant pays the money to his principal, the plaintiff, Gosler & Dakin would have a right of action against the plaintiff perhaps, but none against the defendant. If the defendant succeeds in this suit, the plaintiff will still be accountable to Gosler & Dakin, and although the defendant received the money as the agent of the plaintiff, he will hold it against every one. Parker should, therefore, pay the money to the plaintiff according to his agreement.

The opinion of the Court was drawn up by

Whitman C. J. — The plaintiff by a levy, by virtue of an execution, on the 22d of November, 1841, acquired an estate in Orono, subject to the right of Messrs. Gosler & Dakin to redeem the same, within one year from the time of the levy ; and, on the 29th of April, 1842, leased the same to John Goddard for the term of one year, commencing on the 10th of May, 1842, if not redeemed before the expiration of that term ; and, if redeemed, then, to the time of redemption, at an annual

rent, payable quarter yearly. The plaintiff, on May 18th, 1842, assigned his counterpart of the lease in trust, for certain purposes, to the defendant, who, on the 12th day of November, 1842, received of Goddard, according to the terms named in the lease, the rent for three quarters of the year. On the 10th day of November, 1842, Gosler & Dakin redeemed the premises ; so that the defendant received a quarter's rent more than was due under the lease to the plaintiff, whose title had become extinct at the end of the second quarter ; and whose lease, by its express terms, had, also at the same time, become null and void.

The action against the defendant is for money had and received ; and the plaintiff claims of him the amount he received, as well for the third, as for the other two quarters. The charge of the Judge to the jury, excepted to on the part of the defendant, was, that the defendant should be held to account with the plaintiff for the amount received, notwithstanding it might turn out that the plaintiff was not entitled to hold to his own use all the money so paid for rents. We think this position was somewhat too broad. The plaintiff was not accountable to Gosler & Dakin for more of the rents than had been received by him or his agent for the use of the estate, during the continuance of the title in him. After that he had no right to the rents and profits, in whose ever hands they might happen to be found. If Goddard were sued in trespass for mesne profits by Gosler & Dakin, it would be no defence for him, to say that he had paid rent for the third quarter to the defendant, the same having accrued after the redemption ; nor would the fact, that he had paid it without being notified by Southard, that his tenancy under him had expired, be of any avail in his defence. Gosler & Dakin were not bound to give him any such notice ; and they have no legal claim against the defendant for rent received by him ; for there is no privity of contract between them in reference thereto. Goddard, if compelled to account to Gosler & Dakin for the mesne profits for the quarter, next after the redemption, may have a remedy against the defendant for

money paid by mistake. We think therefore, that the exceptions must be sustained, and that a new trial should be granted.